IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNY L. VAUGHNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-132 |
| | ) | |
| MAJOR LEVERTT; DEPUTY YOUNG; | ) | |
| DEPUTY KITCHENS; DEPUTY JUDY; | ) | |
| LT. ELIAM; and | ) | |
| SHERIFF RICHARD ROUNDTREE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, currently incarcerated at Central State Prison in Macon, Georgia, submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. His complaint raises claims concerning events that allegedly occurred at the Charles B. Webster Detention Center in Augusta, Georgia, and Plaintiff requested permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.)

By Order dated August 31, 2015, the Magistrate Judge denied the request to proceed IFP and directed Plaintiff to submit the full $400.00 filing fee within twenty-one days. (Doc. no. 4.) The Magistrate Judge found that Plaintiff's Prisoner Trust Fund Account Statement submitted with the IFP motion showed a spendable balance of $1,514.65 and that in the six months prior to filing the lawsuit on August 21, 2015, Plaintiff had received deposits totaling nearly $3,000.00. (See id.; see also doc. no. 2, p. 3.) Thus, the Magistrate

Judge concluded that Plaintiff had sufficient funds to pay the full filing fee.

Plaintiff objects to this ruling and requests that he be granted permission to proceed IFP. (Doc. no. 5.) Plaintiff states he never received deposits as described by the Magistrate Judge, asserting that he only received $300.00 on two occasions. (Id.) Plaintiff further states that he recently had to send $500.00 to his family to pay for the preparation of his trial transcripts, and the current spendable balance in his Trust Account is $966.14. (Id.) He has attached an updated Trust Account Statement to his objections which reveals a "Spendable Amount" of $965.14 and no "Obligations/Court Charges" owed. (Id. at 3.)

The Court modifies or sets aside non-dispositive rulings by the Magistrate Judge that are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). A ruling is clearly erroneous when the Magistrate Judge abuses his discretion or the District Judge "is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013.) A ruling is contrary to law when it fails to follow or misapplies the law. Id.

Here, the Magistrate Judge correctly explained that although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a privilege, not a right. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 (1993). Plaintiff's Trust Account Statement as originally submitted with the IFP motion and as updated in the current objections shows additions to his Trust Account on five occasions from February 21, 2015 through July 1, 2015 in the following amounts: $300.00, $300.00, $52.00, $25.00, and $1,671.73. (Doc. no. 2, p. 3;

2

doc. no. 5, p. 3.) Although these amounts do not total exactly $3,000.00, they do evidence more than two deposits as claimed by Plaintiff and more than enough funds to cover the $400.00 filing fee. The Trust Account also shows that since February 23, 2015, Plaintiff has made store purchases of nearly $60.00 on an almost weekly basis. (Id. at 3-5.) Finally, although Plaintiff's spendable amount has now decreased from $1,514.65 to $965.14, he still has well in excess of the $400.00 filing fee at his disposal.

Because the challenged ruling is not clearly erroneous or contrary to law, the Court **OVERRULES** the objections, (doc. no. 5). See Fed. R. Civ. P. 72(a); Loc. R. 72.2; Staley v. Owens, 367 F. App'x 102, 104 n.1 (11th Cir. 2010). The Court will extend the original twenty-one day payment deadline until Friday, October 9, 2015. If Plaintiff fails to pay the $400.00 by this date, his case will be dismissed without prejudice.

SO ORDERED this 25th day of September, 2015, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA