IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNY L. VAUGHNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-132 |
| | ) | |
| MAJOR LEVERTT; DEPUTY YOUNG; | ) | |
| DEPUTY KITCHENS; DEPUTY JUDY; | ) | |
| LT. ELIAM; and | ) | |
| SHERIFF RICHARD ROUNDTREE, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently incarcerated at Central State Prison in Macon, Georgia, submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. His complaint raises claims concerning events that allegedly occurred at the Charles B. Webster Detention Center in Augusta, Georgia, and Plaintiff requested permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) By Order dated August 31, 2015, the Court denied the request to proceed IFP and directed Plaintiff to submit the full $400.00 filing fee within twenty-one days. (Doc. no. 4.) Specifically, the Court found that Plaintiff's Prisoner Trust Fund Account Statement submitted with the IFP motion showed a spendable balance of $1,514.65 and that in the six months prior to filing the lawsuit on August 21, 2015, Plaintiff had received deposits totaling nearly $3,000.00. (See id.; see also doc. no. 2, p. 3.)

Plaintiff filed an objection to this ruling to United States District Judge J. Randal Hall. (Doc. no. 5.) Judge Hall determined that the order denying the request to proceed IFP was not clearly erroneous or contrary to law and overruled the objections. (Doc. no. 6.) However, Judge Hall extended the deadline for paying the $400.00 filing fee until October 9, 2015, and warned Plaintiff that failing to pay the $400.00 by the new deadline would result in dismissal of this case without prejudice. (See id.) The deadline has passed, and Plaintiff has not paid the $400.00 or further communicated with the Court in any way to explain why he has not paid the fee.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Local Rule 4.2(2) also provides that if the filing fee is not paid within twenty-one days of the denial of an IFP petition, the civil action will be dismissed. Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v.

<u>Pinellas Cnty. Sheriff's Dep't</u>, 331 F. App'x 654, 655 (11th Cir. 2009) (citing <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989)); <u>see also</u> Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to pay the filing fee after two orders from the Court directing him to do so, or to communicate with the Court about missing the October 9th deadline amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff has already chosen not to pay the filing fee necessary to commence a case in District Court.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 19th day of October, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA